# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RONALD L. HOGAN,** | ] |
| **Plaintiff,** | ] |
| v. | ] CIVIL ACTION NO. |
| | ] 2:16-BE-1732-S |
| **JOHN E. MASON, JR., WERNER ENTERPRISE, INC.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Ronald L. Hogan's "Motion to Remand to State Court." (Doc. 6). The Defendants responded. (Doc. 8). For the reasons stated in this Memorandum Opinion, the court WILL DENY the motion.

## STANDARD FOR REMAND

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). The federal court must have subject-matter jurisdiction for removal to be proper; and "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The court must strictly construe the removal statute against removal, and resolve any doubts in favor of remand. *See City of Vestavia Hills v. Gen. Fid. Ins. Co.,* 676 F.3d 1310, 1313 (11th Cir. 2012) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction

should be resolved in favor of remand to state court.") (citation omitted).

In addressing the appropriateness of removal, the burden to establish federal jurisdiction rests on the party who seeks removal. *Friedman v. New York Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir. 2005) (citation omitted). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir. 2010). The "pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover," so "the likelihood of success on the merits is largely irrelevant to the court's jurisdiction." *Id.*

As to what evidence the court may consider in determining jurisdiction, it may obviously look at the facts set out in the complaint and the removal petition. *Pretka*, 608 F.3d at 766. Eleventh Circuit precedent permits district courts to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 770 & 754). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1060.

The Eleventh Circuit has explained that the court may also examine evidence outside of

those filings in assessing removal jurisdiction, including post-removal evidence if that evidence is relevant to the time of removal. *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir. 2000).

## **DISCUSSION**

In his motion to remand, Mr. Hogan asserts that the amount in controversy is not satisfied because on November 8, 2016, he "demanded $40,000 in full and final satisfaction of all claims" (doc. 6, at 2, ¶ 3) and, in a demand letter dated October 28, 2016, he informed the Defendant that "he is not demanding more than $75,000 or claiming a case value greater than said amount. . . ." (doc. 6, at 2, ¶ 4). In their response, Defendants argue that these settlement demands occurred *after* the removal on October 24, 2016 and cannot serve as a basis for establishing the amount in controversy. They further characterize the amount in controversy as exceeding $75,000, exclusive of interest and costs, pointing to allegations that the Plaintiff's pain and suffering, personal injury medical expenses, and mental anguish are on-going and are reasonably certain to continue in the future; that he was "permanently injured, disfigured, disabled, and damaged" (doc. 1-2, at 4); and that he seeks an award that encompasses not only compensatory but also punitive damages (doc. 1-2, at 7).

This court agrees with the Defendants that the settlement demands in question do not, standing alone, support remand. To the extent that the Defendants argue that the court should ignore the demands because they are post-removal evidence, the court rejects that argument. What the law prohibits are post-removal changes in the amount of controversy, not post-removal clarifications of the amount that was in controversy at the time of removal. *See Sierminski,* 216 F.3d 945, 947-49 (11th Cir. 2000); *Jackson v. Select Portfolio Servicing, Inc.,* 651 F. Supp. 2d

3

1279, 1282 (S.D. Ala. 2009).

Therefore, the court considers the settlement demands together with the facts set forth in the pleadings and other evidence presented to determine whether the Defendants have met their burden by a preponderance of the evidence that the amount in controversy exceeds $75,000. The court disagrees with Mr. Hogan that the apparently unsworn demands, standing alone, are determinative of the amount-in-controversy, and that the court need not look further. To the contrary, the Eleventh Circuit has explained that the court "is not bound by a plaintiff's representations regarding [his] claim, nor must it assume that the plaintiff is in the best position to accurately assess the amount in controversy." *Roe,* 613 F.3d at 1061. The Eleventh Circuit has cited with approval the Third Circuit's recognition of the district courts' "authority to independently appraise the value of pleaded claims" even where the plaintiff has communicated his "minimal damage expectations." *Id.* (citing *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) and stating that the Third Circuit's ruling "comports with our precedent and our holding in [*Roe*]."). The refusal to recognize a settlement offer as necessarily determinative of the amount-in-controversy makes sense given the varied circumstances surrounding such offers, some of which present inflated values reflecting puffing and posturing, whereas others may low-ball the value to encourage a quick resolution and avoid the expenses, aggravation, and time involved for discovery and trial, or to trigger remand.

Therefore, a settlement offer is not determinative, but "it counts for something." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir. 1994). The extent that it counts depends on circumstances of the settlement offer. Here, the parties have not communicated those circumstances, so the court must look beyond the settlement demand itself to determine the

amount-in-controversy. The court notes that Mr. Hogan has not filed any stipulation, affirmative representation, or affidavit attesting that the amount in controversy does not exceed $75,000, exclusive of interest and costs, and/or that he would not accept more than $75,000. *See Smith v. State Farm Fire & Cas. Co.,* 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) ("[P]laintiffs like [the one in this case], who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more."); *Seckel v. Travelers Home & Marine Ins. Co.,* Case No. 12-CV-4163-KOB, 2013 WL 360421, at *2 ( (N.D. Ala. Jan. 29, 2013) (Noting the unspecified damages for alleged emotional distress and unjust enrichment claims and stating that "[w]ithout an affidavit from [the plaintiff] stating that he will not claim more than $74,999.99 from [the defendant] in damages, this court has jurisdiction over the case and DENIES [the] motion to remand.").

The court next turns to the allegations in the Complaint in the instant case. Mr. Hogan did not allege a specific amount of damages; however, the failure to specify a certain amount is not necessarily fatal to this court's exercising federal jurisdiction. This court can use its experience and common sense to determine whether the factual allegations nevertheless establish the jurisdictional amount. *See Roe,* 613 F.3d at 1060.

The Complaint describes an automobile accident that occurred when Defendant Mason was working for Defendant Werner Enterprise, Inc., and drove in a reckless manner, striking Mr. Hogan's vehicle and causing injuries to Mr. Hogan. The Complaint does not state the specific amount of out-of-pocket expenses that Mr. Hogan incurred. That information would have been

5

helpful in the evaluation of the physical injuries and establishing the amount-in-controversy. Despite that omission, the Complaint does state generally that Mr. Hogan incurred "personal injury medical expenses for treatment from various doctors, physicians, and hospitals"; that "[h]e was caused to incur out-of-pocket medical expenses" of some undisclosed amount; and that "[h]e is reasonably certain to incur personal injury medical expenses in the future." (Doc. 1-2, at 4 ¶ 12). The reference to multiple doctors and hospitals supports the seriousness of Mr. Hogan's injuries.

The Complaint identifies physical injuries to Mr. Hogan's neck, back, head, legs, and hips, one or more of which is allegedly "permanent" and "disfiguring" and "disabling." *Id.* The Complaint further states that Mr. Hogan is reasonably certain to experience pain and suffering in the future and to incur medical expenses in the future, and also refers to the mental anguish that he suffered as a result of the accident. If true, Mr. Hogan's allegations of permanent, disfiguring and disabling injuries, combined with on-going physical pain and mental anguish with the accompanying reasonable inferences, result in an amount-in-controversy that, more likely than not, exceeds $75,000. *See Gates v. 84 Lumber Co.,* 2015 WL 2345427 (S.D. Ala. May 14, 2015 (demand for damages for disability, disfigurement, lung cancer, great physical pain, great mental anguish, large medical bills and large amounts of loss income places amount-in-controversy exceeding the jurisdictional threshold.).

Further, the court notes the Complaint's reference to punitive damages and its inclusion of counts alleging wanton conduct by Mr. Mason in operating the vehicle and by Werner in hiring, training, supervising and retaining Mr. Mason. While a request for punitive damages does not automatically establish the amount-in-controversy, a court may properly consider

6

punitive damages in the evaluation of whether a defendant has shown that the amount-in-controversy is satisfied. *See Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001); *Reed v. Chase Home Finance, LLC,* 2011 WL 321737, *4 (S.D. Ala. Jan. 28, 2011); *Paco Assur. Co. v. Rowley,* 2009 Wl 3756697, *2 (S.D. Ala. Nov. 5, 2009). However, as a sister district court explained, "there is nothing talismanic about such a demand that would *per se* satisfy the amount-in-controversy requirement and trigger federal subject matter jurisdiction." *Crocker v. Lifesouth Comm. Blood Ctrs., Inc.,* 2016 WL 740296, at *3 (S.D. Ala. Feb. 23, 2016). Nevertheless, the request for punitive damages, when added to the other allegations in the Complaint, provide additional support for finding that the amount in controversy, more likely than not, exceeds $75,000.

For all of these reasons, the court WILL DENY the motion to remand.

DONE and ORDERED this 11th day of April, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE